## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **STANLEY B. JOWERS, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-3075-CM** |
| | ) | |
| **LOUIS BRUCE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Stanley B. Jowers, Sr., a prisoner at the Hutchinson Correctional Facility in Hutchinson, Kansas, has filed a petition *pro se* for writ of habeas corpus (Doc. 1).  A McPherson County, Kansas jury convicted petitioner of one count of rape in violation of Kan. Stat. Ann. § 21-3502(a)(2), and petitioner now seeks a writ pursuant to 28 U.S.C. § 2254.  He seeks federal relief on the following grounds: (1) the testimony of a sexual assault nurse examiner lacked foundation and invaded the province of the jury; (2) the prosecutor began her opening statement with argument, committing reversible error; (3) the prosecutor inappropriately asked the victim to comment on petitioner's credibility; (4) the trial court failed to properly instruct the jury regarding the burden of proof, presumption of innocence, and reasonable doubt; (5) the trial court erroneously failed to grant a new trial or hold a hearing after discovering that documents not admitted into evidence were given to the jury; (6) the trial court precluded petitioner from introducing evidence which would have established a motive for the victim to falsely accuse petitioner of rape; and (7) the cumulative errors deprived petitioner of his right to a fair trial.  The court has fully reviewed the record, and finds that habeas relief is not warranted.  For the following reasons, the petition is denied.

## I.      Procedural History

A McPherson County, Kansas jury convicted petitioner of rape on January 17, 2002.  The court sentenced petitioner to a term of 618 months incarceration on March 28, 2002.  After petitioner appealed, the Kansas Court of Appeals affirmed his convictions on February 13, 2004.  On direct appeal, petitioner raised the same issues he raises here.

The Kansas Supreme Court denied petitioner's request for review on May 25, 2004. Petitioner then filed for post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507 in the District Court of McPherson County on June 29, 2004, alleging ineffective assistance of counsel.  The district court dismissed petitioner's habeas action on January 14, 2005 for lack of prosecution.  On February 9, 2005, petitioner filed the instant request for relief pursuant to 28 U.S.C. § 2254.

## II.     Standard of Review

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act.  *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999).  The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct.  *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme

-2-

Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-6 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409-10.

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court does not review a state court decision for errors of state law. *Id.* (citations omitted).

## III.    Factual Background

Petitioner's eight-year-old daughter, T.J., testified at trial that petitioner had sex with her on January 28, 2001 and other occasions. On January 29, 2001, petitioner's live-in girlfriend, Angela Johnson, took T.J. with her to run errands. At that time, T.J. told her that petitioner was having sex with her. Ms. Johnson confronted petitioner, who denied the allegations. The next day, Ms. Johnson took T.J. to a medical clinic for a physical examination, but by that time, T.J. had bathed and changed clothing. Marcela Castiblanco, a registered nurse, treated T.J. and asked her questions regarding sexual intercourse. She used a colposcope to perform the physical exam and collected samples from the perineal area.

During the examination, Ms. Castiblanco could not get her colposcope to work correctly.

Diana Schuns, another nurse, helped her, and determined that T.J. had experienced blunt trauma to her genital area caused by penetration.  Ms. Schuns also found that there was prior exposure to blunt trauma.

Petitioner told police that Ms. Johnson had left for work at 2:00 pm on Sunday, January 28, 2001.  Before Ms. Johnson left for work, he left the house with his five children – T.J. and her four brothers – to give his sister a ride and run some errands before returning home around 5:00 pm.  He stated that friends visited him in his home between 5:30 and 5:45 pm, and denied having sex with T.J.

**IV.   Discussion**

A.   <u>Testimony of Diana Schuns</u>

Petitioner first complains about the admission of evidence.  On federal habeas review, this court will not review questions about the admissibility of evidence.  *Estelle*, 502 U.S. at 67.  This court's review is limited to a determination of whether the evidence was so prejudicial as to deny petitioner a fair trial.  *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

Petitioner claims that the testimony of Ms. Schuns lacked foundation and invaded the province of the jury.  The Kansas Court of Appeals held that a foundation for her testimony was established, based on her background and experience.  The Court of Appeals further held that Ms. Schuns's testimony did not invade the province of the jury because she did not make a legal determination as to the cause of T.J.'s injuries.  Rather, she testified within her personal knowledge and based on her personal examination of the child.

The court has reviewed the record, and finds that admission of Ms. Schuns's testimony did not deny petitioner a fair trial.  It appears to the court that the evidence was, in fact, properly admitted.  Petitioner's request for relief is denied on these grounds.

B.    Opening Statement

Petitioner next claims that the prosecutor committed misconduct in her opening argument. Specifically, petitioner claims that the following statements were improper comments on T.J.'s credibility:

> [L]adies and gentlemen of the jury, January 28, 2001, what were you doing on that day? I'll give you a hint. It was Super Bowl Sunday. The Baltimore Ravens beat the New York Giants in the Super Bowl. Do you remember who you watched the game with or what you had to eat on that date? Today you will hear the testimony of an eight year old girl, happened to her nearly a year ago today. And as she does so, I would ask you to remember how hard it is for all of you to remember the details of what you did last year at the Super Bowl and how much harder it must be for a [sic] eight year old girl to get up in front of all of us and tell us what happened to her.

In evaluating a claim of prosecutorial misconduct, the court considers "whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted).

The court finds that petitioner has failed to meet his high burden here. The prosecutor simply stated that it is difficult for anyone to remember the details of a particular date, but that it would be especially difficult for an eight-year-old girl. The prosecutor never commented directly on T.J.'s credibility. The court finds that the prosecutor's statements did not infect the trial with unfairness, and did not deny petitioner due process.

C.    Questioning of T.J.

During the direct examination of T.J., the prosecutor questioned T.J. about Ms. Johnson's confrontation with petitioner in the following exchange:

> Q. Okay. And what happened when you go[t] home?
> A. My mom Angie and my dad talked and my dad said that he never touched me.
> Q. Okay. When your dad said that was that a truth or a lie?
> A. A lie.
> Q. Okay. And what did you say when you[r] dad said he never touched you?
> A. That's a lie, that is nothing but a lie.

The same *Darden* standard applied above also applies to the review of the prosecutor's questioning of T.J.  The Kansas Court of Appeals used this standard, and held that because of the nature of the case, the jury necessarily expected that T.J. would testify that petitioner had lied.  The court held that the questioning did not bolster T.J.'s credibility or prejudice the jury.  And despite the fact that the questions were improper, they did not have a likelihood of changing the outcome of the trial.

The court finds that the Kansas Court of Appeals reasonably applied the appropriate legal standards.  Petitioner has not shown that the questions so infected the trial as to render it fundamentally unfair.  Because the case was centered on T.J.'s allegations and petitioner's denial of those allegations, the jury expected T.J. to claim that petitioner was lying, and petitioner to claim that T.J. was lying.  Petitioner is not entitled to relief on these grounds.

D.    Jury Instruction on Burden of Proof, Presumption of Innocence, and Reasonable Doubt

Petitioner next claims that the trial court failed to properly instruct the jury on the burden of proof because the jury instruction used the word "unless" instead of "until."  The jury instruction at issue, which is a standard Kansas jury instruction, reads:

> The state has the burden to prove the defendant is guilty.  The defendant is not required to prove he is not guilty.  You must presume that he is not guilty *until* you are convinced from the evidence that he is guilty.  The test you must use in determining whether the defendant is guilty or not guilty is this:  If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty.  If you have no reasonable doubt as to the truth of any of the claims required to be proved by the State, you should find the defendant guilty.

According to petitioner, use of the word "until" "misleads a jury into believing that they should expect to be convinced of the defendant's guilt and therefore should convict" instead of fully considering the evidence before rendering a verdict.

-6-

The burden is high for a petitioner to demonstrate constitutional error arising from an allegedly erroneous jury instruction:

> In a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden.  A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.  "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."  The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process.  "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."  The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial.

*Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) (internal citations omitted).

As the appellate court noted, this particular instruction has been challenged numerous times in Kansas, but the Kansas Supreme Court has repeatedly upheld it.  *See, e.g., State v. Clark*, 931 P.2d 664, 675-77 (Kan. 1997); *State v. Pierce*, 927 P.2d 929, 935-37 (Kan. 1996); *State v. McCloud*, 891 P.2d 324, 334-35 (Kan. 1995); *State v. Johnson*, 874 P.2d 623, 628-30 (Kan. 1994).  By focusing on the word "until," petitioner improperly isolates that word from the rest of the instructions.  The Kansas Court of Appeals recently held that use of the word "until" was proper, in light of the remaining text of the instruction.  *See State v. Beck*, 88 P.3d 1233, 1235 (Kan. App. 2004).  As the *Beck* court stated, "[t]he distinction between the words 'until' and 'unless' is subtle, given the natural usage of the words in common language."  *Id.* at 1235.  Petitioner has not directed the court to a United States Supreme Court case holding that use of the word "until" rather than "unless" violates due process, and the court has not found one.  This court cannot find that the state court decision was contrary to or an unreasonable application of Supreme Court precedent.

E.      Exhibits Not in Evidence

        During jury deliberations, the jury was erroneously given diagrams and a sheet of definitions

which were not admitted into evidence.  Petitioner moved for a new trial when the error was

discovered, but the trial court and appellate court found that the unadmitted documents were not

prejudicial to petitioner.  The Kansas Court of Appeals further held that the documents did not

constitute "outside" information that influenced the jury.

        This court only looks to whether the error rendered the proceeding fundamentally unfair.

*Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999).  The exhibits were diagrams of the

female anatomy, a list of definitions of anatomical terms, and a guide for nurses in photographing

rape victims.  All of the information in the exhibits came into trial through Ms. Schuns's testimony,

so the exhibits did not provide the jury with any information it did not already have.  The court finds

that this error did not render the proceeding fundamentally unfair.  And the appellate court's

decision was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

F.      Evidence Regarding T.J.'s Relationship with her Biological Mother and Step-Father

        Petitioner next claims that the trial court should have allowed him to present evidence of

T.J.'s relationship with her mother and step-father, to establish T.J.'s motive to falsely accuse

petitioner.  The Kansas Court of Appeals held that the trial court properly excluded the evidence

because petitioner "failed to make any clear proffer of what or whose testimony would be relevant."

        Again, this court does not review the admissibility of evidence.  *Estelle*, 502 U.S. at 67.  The

court reviews only whether the evidence was so prejudicial as to deny petitioner a fair trial.  *Rose*,

423 U.S. at 21.  Petitioner has not shown that the excluded evidence was relevant or critical to his

defense.  Without such a showing, this court cannot conclude that exclusion of the evidence violated

petitioner's due process rights.  The court finds that habeas relief is not warranted on these grounds.

-8-

G.      Cumulative Errors

        Finally, petitioner claims that he is entitled to relief because of the cumulative errors in the

case.  "Cumulative error analysis is an extension of harmless error," and a court "'conduct[s] the

same inquire as for individual error,' focusing on 'the underlying fairness of the trial.'"  *Darks v.*

*Mullin*, 327 F.3d 1001, 1018 (10th Cir. 2003) (citations omitted).  "A cumulative-error analysis

merely aggregates all the errors that individually have been found to be harmless, and therefore not

reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that

collectively they can no longer be determined to be harmless."  *Id.*

        The Court of Appeals held that since it had found no reversible error, the cumulative error

argument necessarily failed.  This rationale, however, "would render the cumulative error inquiry

meaningless, since it indicates that cumulative error may be predicated only upon individual error

already requiring reversal."  *Willingham v. Mullin*, 296 F.3d 917, 935 (10th Cir. 2002).  Because the

Court of Appeals did not apply the correct standard, this court reviews the argument *de novo.  See*

*id.*     Considering the record as a whole and the errors in aggregate, the court concludes that

petitioner's right to a fair trial was not substantially impaired.  None of the errors was significant.

*See Darks*, 327 F.3d at 1019 (citing *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000) ("[C]ourts

must be careful not to magnify the significance of errors which had little importance.")).  And there

is not a reasonable probability that the jury would have acquitted petitioner in the absence of the

errors.  *See Hooper v. Mullin*, 314 F.3d 1162, 1178 (10th Cir. 2002).  Even when viewed

cumulatively, the court finds that the errors did not have a sufficiently harmful effect as to deny

petitioner a fair trial.

        **IT IS THEREFORE ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 by a Person in State Custody (Doc. 1) is denied.

Dated this  22nd day of May 2006, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**